JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUAN HUYNH, JAMY TRUONG, | CASE NO. CV 15-04990-R |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO THE FOURTH AND SIXTH CAUSES OF ACTION AND GRANTING PLAINTIFFS' MOTION TO REMAND THE REMAINING CAUSES OF ACTION |
| v. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

Before the Court are three motions: (1) Plaintiffs' Motion to Remand (Dkt. No. 13), which was filed on July 30, 2015; (2) Defendant County of Los Angeles ("COLA") and Specially Appearing Defendants Tuyet Dang, Anh Le, Thien Phuong Do, Susan Garcia-Avella, and Nadya P. Medrano's Motion to Dismiss (Dkt. No. 16), which was filed on August 5, 2015; and (3) Specially Appearing Defendants John Carlin and Jonathan Elizarraraz's Motion to Dismiss (Dkt. No. 17), which was filed on August 24, 2015. Having been thoroughly briefed by all parties, this Court took the matter under submission on September 15, 2015.

This action arises out of the alleged wrongful removal and detention of two minors from the custody of their parents, Plaintiffs, by the Defendants. Plaintiffs contend that their children

were wrongfully removed from their care after it was reported that one child had sustained a fracture of the right tibia, and the other child was at risk of physical harm, damage, and danger. Plaintiffs claim that there was no basis for the removal of their children, and that certain Defendants provided false statements to the Juvenile Court.

On February 3, 2015, Plaintiffs filed suit in state court alleging the following causes of action: (1) Negligence, (2) Negligent Infliction of Emotional Distress, (3) Intentional Infliction of Emotional Distress, (4) Violation of Civil Rights, Title 42 U.S.C. § 1983, (5) Malicious Intentional Tortious Conduct in violation of Government Code § 820.21, and (6) Failure to Supervise and Train Employees, Title 42 U.S.C. § 1983.  Plaintiffs' Complaint alleges that the following entities are responsible for their damages: (1) the County of Los Angeles, (2) the Los Angeles Police Department ("LAPD"), (3) the Los Angeles County Social Services Agency, (4) Tuyet Dang, (5) Anh Le, (6) Thien Phuong Do, (7) Susan Garcia-Avella, (8) Sandy Himmelrich, (9) Nadya P. Medrano, (10) Karen Imagawa, (11), Tanya Nguyen, (12) Nguyen Phuong Nguyen, (13) Dai Truong, (14) Ngoc Nguyen, (15) Long Truong, (16) Tony Berryman, (17) John Carlin, and (18) J. Elizarraraz.

On July 1, 2015, Defendant COLA removed the instant action to this Court.  The Court will begin by addressing Plaintiffs' Motion to Remand.  A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens

1    of different states, or citizens of a State and citizens or subjects of a foreign state . . . " 28 U.S.C. §
2    1332 (a)(1)-(2).

3         This Court finds that removal in this instance was initially proper. Plaintiffs' fourth and
4    sixth causes of action invoke the Fourth and Fourteenth Amendments, and are being brought
5    pursuant to Title 42 U.S.C. § 1983. This Court, therefore, has federal question jurisdiction under
6    Title 28 U.S.C. § 1331. Plaintiffs' state law claims arise out of the same transaction that gives rise
7    to Plaintiffs' federal claims. This Court therefore has discretion to extend supplemental
8    jurisdiction over those claims pursuant to Title 28 U.S.C. § 1367(a). However, "while courts
9    'shall' have supplemental jurisdiction under [Title 28 U.S.C.] § 1367(a), they 'may' decline to
10   exercise it under [Title 28 U.S.C.] § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000
11   (9th Cir. 1997). Title 28 U.S.C. § 1367(c) provides that "[t]he district courts may decline to
12   exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has
13   dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As explained
14   *infra*, this Court is dismissing Plaintiffs' fourth and sixth causes of action. Since these two causes
15   of action provided the basis for federal question jurisdiction over Plaintiffs' matter, this Court now
16   exercises its discretion to remand the remaining causes of action to the state court.

17        The Court now turns to Defendant COLA's Motion to Dismiss.  Defendant COLA argues
18   that Plaintiffs' first, second, third, fourth, and sixth causes of action should be dismissed for failure
19   to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure
20   12(b)(6).  Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "(1)
21   lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable
22   legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the
23   heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and
24   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to
25   relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim
26   is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The Plaintiff must plead
27   factual content that allows the court to draw the reasonable inference that the defendant is liable
28   for the misconduct alleged. *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare recitals

1  of the elements of a cause of action, supported by mere conclusory statements . . . " *Id*.

2  Defendant COLA moves to dismiss Plaintiffs' fourth cause of action, which alleges Fourth
3  and Fourteenth Amendment violations based on Defendants' alleged wrongful removal of
4  Plaintiffs' children from their home.  Municipalities may be held directly liable for constitutional
5  violations under Title 42 U.S.C. § 1983, but they "cannot be held liable . . . on a *respondeat*
6  *superior* theory." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).
7  Instead, a municipality is subject to suit under § 1983 only "if it is alleged to have caused a
8  constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted
9  and promulgated by that body's officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121
10 (1988).  A plaintiff seeking to establish municipal liability must demonstrate that the government
11 "had a deliberate policy, custom, or practice that was the moving force behind the constitutional
12 violation he suffered." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

13 Plaintiffs have failed to allege that Defendants caused a constitutional tort though a policy
14 statement, ordinance, regulation, or decision officially adopted and promulgated by that body's
15 officers.  In fact, Plaintiffs have not provided any facts that would give rise to a plausible claim
16 that COLA violated Plaintiffs' rights pursuant to formal government policy or custom of the
17 County.  Accordingly, Plaintiffs' fourth cause of action as to all Defendants is DISMISSED.

18 Plaintiffs' sixth cause of action against Defendants alleges a failure to supervise and train
19 employees in violation of the Fourth and Fourteenth Amendments.  Plaintiffs allege that
20 Defendants "maintain a policy of deliberate indifference to the rights of Plaintiffs by failing to
21 properly train, supervise and monitor their respective social workers . . . " (Dkt. No. 1-1, Pltf.
22 Compl. at ¶ 64).  This Court finds that such conclusory allegations fall well short of the heightened
23 pleading standards of *Twombly* and *Iqbal*, and will not accept mere conclusory statements.
24 Accordingly, Plaintiffs' sixth cause of action against all Defendants is DISMISSED.
25 / / / / / / /
26 / / / / / / /
27 / / / / / / /
28 / / / / / / /

4

1   **IT IS HEREBY ORDERED** that Defendant COLA's Motion to Dismiss is GRANTED as
2   to the fourth and sixth causes of action and will be applied not only to Defendant COLA but to all
3   Defendants.  Plaintiffs' Motion to Remand is GRANTED as to all remaining claims.  (Dkt. No.
4   13).
5   Dated: September 25, 2015.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE